UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------×

WEN NO SHIAO,

                *Plaintiff,*

       v.

ADTN INTERNATIONAL LTD. and BRITTANY
SHIRLEY,

                *Defendants.*

--------------------------------------------------------------------------×

**26-CV-2996-MKV**

**<u>AMENDED COMPLAINT</u>**

**JURY TRIAL DEMANDED**

Plaintiff, Wen No ("Cathy") Shiao, by her attorneys, Young & Ma LLP, complains of Defendants as follows:

**<u>PRELIMINARY STATEMENT</u>**

1.     Plaintiff Wen No ("Cathy") Shiao ("Plaintiff" or "Ms. Shiao") seeks damages and costs against ADTN International Ltd. ("ADTN" or the "Company") and Brittany Shirley ("Brittany")(collectively, "Defendants") for discriminating against and stereotyping her based on race, sex, disability, familial status, and caregiver status; failure to provide accommodations; and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*

**<u>JURISDICTION AND VENUE</u>**

2.     Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendants violated Plaintiff's rights under Title VII and ADA.

3.     Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about December 1, 2025.

4.      Plaintiff requested a right to sue from the EEOC on or about January 13, 2026.  The EEOC issued the right to sue on or about January 13, 2026, and Plaintiff received it sometime thereafter.

5.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims as they are so related to the Title VII and ADA claims that they form part of the same case or controversy.

6.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

7.      Plaintiff, at all times relevant hereto, was and is a resident of New Jersey.

8.      Upon information and belief, at all times relevant hereto, Defendant ADTN International Ltd. was and is a U.S. corporation incorporated and headquartered in New York City.

9.      Upon information and belief, Defendant Brittany Shirley is an individual residing in New York and works in New York for ADTN.

## STATEMENT OF FACTS

10.     ADTN claims to handle garment production, licensing and imports worldwide.  It owns brands such as Hollywood, Seven Oaks, Old River, Four Hearts, and Vection, and licenses brands such as Smiley World, Zoo York, Hang Ten, London Fog, Paul Frank, RealTree, H4X, Wicked Tuna, AC/DC, Def Leppard, Kiss, NASA, SubSurf, Volt, and Yale University.

11.     It was a complete steal for ADTN to hire Ms. Shiao as a design director at $145,000 on September 9, 2024.

12.     Ms. Shiao started with no job description or duties or responsibilities but just the Senior Director of Design title. She was the Director of Young Men's & Boys and then managed sleep

and lounge for all categories. Plaintiff was doing significantly more workload than what she was paid as an Asian single mother.

13. Ms. Shiao was also given less strong employees as support. Anjelika Krishna-Daftuar had the stronger employees.

14. Ms. Shiao was given Kristen Thompson, who had been previously demoted and was angry; Christian Morales, who is consistently late and not a dependable/minority employee; and Christian Cooper, a remote senior designer who works odd hours.

15. Ms. Shiao had no graphic designer so she would need to create graphics on her own. Plaintiff asked for a graphic designer for a month and when the Company finally hired Matthew Egbuchulam, they did not properly compensate him and he left for a better opportunity.

16. By contrast, Anjelika had Patrick Kim, Brian Lee, and Analiese Reichlin, who are all strong employees. Lauren McCarthy quit over the management of her and Raya Clements, who is anxious and difficult was transferred to Ms. Shiao. Anjelika was preferred because she is not an older Asian single mother like Plaintiff.

17. Defendant Brittany, the President of ADTN, had a very last-minute personality and then would label projects "urgent". She self-generated deadlines, making it very difficult for anyone with health conditions or who needs accommodations. Sometimes, she would ask everyone to stop what they are doing to clean out closets and organize racks for sample sale. This was very hard for someone who was sick, like Ms. Shiao, with significant emotional strains. Brittany is a blond woman who looks a certain stereotype in fashion.

18. Ms. Shiao is a mother and on October 2, 2024, for instance, she had to take an emergency call that her nanny had not picked up her daughter and Plaintiff was gone for a total of 10 minutes on this call. She was yelled at by Defendant Brittany, asking why Ms. Shiao was not at her desk

3

and they have to organize the rack without Plaintiff. There could be no greater demonstration that an Asian woman is always to do manual later no matter her seniority and circumstances. As this was non-urgent, Ms. Shiao started crying, worrying for her daughter and this situation. She had to embarrassingly disclose her personal situation and then Brittany let Plaintiff go.

19.    On November 12, 2024, Defendants also immediately demanded Ms. Shiao's presence and said effective immediately, Plaintiff and not Christian would need to approve colors, but that is an assistant's job. It turned out to be a production issue and Bari Kalinsky felt comfortable blaming it on the minority woman's team (Ms. Shiao's team).

20.    Despite these difficulties and discrimination, Ms. Shiao met significant metrics: led design of Kohl's YMs Hooded Fleece that results in over $800k in sales and 8000 extra units for stock; led the design of Kohl's Linen Pant that resulted in over $600k in sales order and improved quality; led design of Kohl's Seersucker Pant that got around $100k in sales and improved quality; led the design of Kohl's Muscle Tee that resulted in another 4500 orders – same one that Bari was berating Christian on the color mistake but Plaintiff not only corrected Bari's team's problem but also improved quality; and managed the difficult personalities of Christian and Raya on her team to get them to effectively work (meltdowns, pick up workload, and when they are calling out and meeting staff and Ms. Shiao's own deadlines).

21.    Ms. Shiao frequently worked as designer, graphic designer, and assistant.

22.    Due to Ms. Shiao's amazing turnaround of a difficult employee, Christian was actually promoted, although Plaintiff was not recognized.

23.    Ms. Shiao increased to 2M in sales in 5 months.

24.    While ADTN would not credit Ms. Shiao for this incredible work at the 3 months' mark on December 12, 2024, Defendant Brittany made very clear there were no complaints.

4

25.    In fact, Ms. Shiao upgraded departments.

26.    Sadly, at the end of December, due to stress and anxiety, Ms. Shiao had palpitations and chest pain and breathing issues. She went to the ER.

27.    Ms. Shiao discovered she has a congenital heart disease and would require open heart surgery.

28.    At the end of February, the entire company was aware of Ms. Shiao's conditions. Defendant Brittany asked her to speak to Marvin Gurman, who showed the scar on his chest. Clearly, he is an owner and differently accommodated during his surgery.

29.    When Ms. Shiao came back from a short leave on February 21, 2025, Anna Vellas in HR made clear Plaintiff would lose her job if she worked remotely.

30.    The President works remotely, and other designers work remotely on Fridays.

31.    All Ms. Shiao's work was given to Anjelika, and Plaintiff was told she now reports to Anjelika.

32.    As soon as Ms. Shiao let HR know she would need surgery on April 9, 2025, there was a barrage of questions and accusations of her ability to complete her work, necessitating Plaintiff hiring a lawyer to attempt to stop the harassment.

33.    ADTN started to give Ms. Shiao negative performance reviews.

34.    On or around May 22, 2025, Ms. Shiao requested the following accommodations through a medical professional and counsel after her surgery:

   a. Tiered return – reentry into employment by part time work at 10 hours a week for 2 weeks, 20 hours a week for 4 weeks, then 30 hours a week for 4 weeks and then back to full time,

   b. No speaking as voice strained for prolonged periods,

   c. Assistant and graphic designer,

d.  Reporting to Defendant Brittany,

e.  Training for managers on retaliation for disabling conditions and leave,

f.  Time off for doctors' appointments and adjustment of goals when take time off,

g.  Periodic breaks,

h.  Option to work from home equally to colleagues, and

i.  All HR related communications, accommodations and any investigations to be handled via counsel

35.    Ms. Shiao did not get many of the accommodations and was told she had to return or lose her position.  Plaintiff was demoted to the role of Associate Designer rather than Senior Designer.

36.    Ms. Shiao provided another note on July 10, saying she can return on August 1. Plaintiff had notes from Mount Sinai, her cardiovascular surgeon, and therapist. Instead, Ms. Shiao was fired on July 16.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Race and Sex Discrimination and Hostile Work Environment**
**in Violation of Title VII**
**(Against Defendant ADTN)**

37.    Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

38.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq., for relief based upon the unlawful employment practices of Defendant ADTN.

39.    ADTN was Plaintiff's "employer" within the meaning of Title VII.

40.    Plaintiff was a female "employee" of ADTN and is a member of protected classes within the meaning of Title VII.

41.    At all relevant times, the Company was aware of Plaintiff's race and sex.

42.    By the conduct alleged in this Complaint, ADTN discriminated against Plaintiff with respect to the compensation, terms, conditions and privileges of her employment because of her race and sex.

43.    Plaintiff was subjected to a pervasive hostile work environment by the Defendant's conduct.

44.    The Company engaged in unlawful employment practices prohibited by Title VII because of Plaintiff's race and sex in the manner described in the Statement of Facts.

45.    Plaintiff suffered adverse employment actions, continuing damage, and a hostile work environment by the Defendant due to her race and sex.

46.    As a direct and proximate result of the Company's unlawful and willful conduct, Plaintiff has suffered and will continues to suffer the loss of income and damage to reputation.  Plaintiff has also suffered and/or will suffer future pecuniary losses, attorney's fees and costs, emotional and physical pain and suffering, inconvenience and other non-pecuniary losses.

47.    As a further direct and proximate result of the Company's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other things, impairment and damage to her good name and reputation, emotional distress, physical injury, mental anguish and lasting embarrassment and humiliation.

48.    Plaintiff is entitled to recover, inter alia, monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees, emotional distress damages and compensatory damages from ADTN under Title VII.

**SECOND CAUSE OF ACTION**
**Disability Discrimination in Violation of**
**the Americans with Disabilities Act**
**(Against Defendant ADTN)**

49.     At all relevant times, Plaintiff was an "employee" of ADTN under the ADA, 42 U.S.C. § 12111(4).

50.     Defendant ADTN is an "employer" under the ADA, 42 U.S.C. § 12111(5).

51.     Defendant ADTN violated the ADA by discriminating against Plaintiff based on her disabilities in connection with employment determinations including, inter alia, pay, promotion, job assignments, training, leave, benefits, and other employment related activities.

52.     Plaintiff suffers from protected disabilities under the ADA, which she made known to her employer ADTN.

53.     Plaintiff's disability was used by the Company, wrongfully and without basis, to deny Plaintiff the pay, privileges, and other benefits to which she was rightfully entitled by, inter alia, limiting, segregating, or classifying Plaintiff in a way that adversely affects the opportunities or status of Plaintiff because of her disability.

54.     In fact, the Company utilized Plaintiff's disability to torture her and make her uncomfortable and in ways that were detrimental to her health and safety until she was forced to take time off, further limiting her career.

55.     The Company's discrimination against Plaintiff based on her disability and/or perceived disability was intentional and willful.

56.     By reason of the foregoing, Plaintiff is entitled to recover, inter alia, monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees, emotional distress damages and compensatory damages from ADTN.

### THIRD CAUSE OF ACTION
### Race, Sex, Disability, and Familial Status Discrimination and Hostile Work Environment
### in Violation of NYSHRL
### (Against All Defendants)

57.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

58.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

59.     At all relevant times, the Company was Plaintiff's "employer" within the meaning of the NYSHRL.

60.     At all relevant times, Plaintiff was an "employee" of ADTN within the meaning of the NYSHRL.

61.     At all times, Defendants were aware of Plaintiff's race, sex, disability, and familial status.

62.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL because of Plaintiff's race, sex, disability, and familial status in the manner described in the Statement of Facts.

63.     Plaintiff is severely limited in her career by Defendants' unlawful conduct due to her race, sex, disability, and familial status.

64.     Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of age and sex as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

65.    Defendants are also individually and jointly liable for the unlawful conduct herein, including, without limitation, as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL.

66.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

67.    Plaintiff's damages include, inter alia, financial loss, loss of employment opportunities, damage to her career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment opportunities.

68.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to, back pay, front pay, compensatory and punitive damages, and costs and attorney's fees from Defendants under the NYSHRL.

## FOURTH CAUSE OF ACTION
### Race, Sex, Disability, and Caregiver Status Discrimination and Hostile Work Environment
### in Violation of NYCHRL
### (Against All Defendants)

69.    Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

70.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

71.    At all relevant times, Defendants were an employer and person within the meaning of the NYCHRL.

72.    At all relevant times, Plaintiff was an employee and person within the meaning of the NYCHRL.

73.    At all times, Defendants were aware of Plaintiff's race, sex, disability, and caregiver status.

74.     Defendants engaged in unlawful employment practices prohibited by NYCHRL because of Plaintiff's race, sex, disability, and caregiver status in the manner described in the Statement of Facts.

75.     Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

76.     Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination and a hostile work environment.

77.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL.

78.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages, lost back pay, lost benefits, lost bonuses, interest on the foregoing, and attorney's fees and costs.

79.     As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional and physical pain and suffering, and lasting embarrassment and humiliation.

80.     Plaintiff is entitled to recover monetary damages and other damages and relief, including compensatory and punitive damages, interest, and attorney's fees and costs from Defendants under the NYCHRL.

## FIFTH CAUSE OF ACTION
### Retaliation in Violation of Title VII
### (Against Defendant ADTN)
### and the NYSHRL and NYCHRL
### (Against All Defendants)

81.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

82.     Defendant ADTN violated Title VII, and all Defendants violated the NYSHRL and NYCHRL, because they knowingly retaliated against Plaintiff for objecting to the discrimination at ADTN, as alleged in the Statement of Facts above.

83.     Defendants were aware that Plaintiff engaged in the protected activities alleged above.

84.     Because of her protected activities, Defendants took retaliatory adverse employment actions against Plaintiff as alleged in the Statement of Facts above.

85.     The unlawful retaliation against Plaintiff by Defendants was done with malice and reckless indifference to Plaintiff's protected rights.

86.     As a direct and proximate result of the unlawful retaliation by Defendants, Plaintiff has suffered damage to her career path, adverse job consequences, including economic damages, and continues to suffer damages, including severe mental, physical and emotional stress, pain and suffering, anxiety, stress, humiliation, loss of enjoyment of life and damage to her reputation and career.

## SIXTH CAUSE OF ACTION
### Failure to Provide Reasonable Accommodation
### in Violation of ADA (against Defendant ADTN) and NYSHRL and NYCHRL
### (Against All Defendants)

87.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

12

88. The ADA, NYSHRL, and NYCHRL require Defendants to engage in a mandatory interactive process and cooperative dialogue to identify a reasonable accommodation for an employee with a disability.

89. Defendants failed to provide a reasonable accommodation for Plaintiff's disability by refusing to engage in the mandatory interactive process and cooperative dialogue in good faith to identify a reasonable accommodation for her caretaking conditions/disabilities.

90. As such, Defendant ADTN has violated the ADA, and Defendants ADTN and Brittany have violated the NYSHRL and NYCHRL.

91. Additionally, Defendants failed to engage in a cooperative dialogue pursuant to the October 15, 2018 changes to NYCHRL after obtaining multiple notices of Plaintiff's medical needs, and failed to provide a credible written explanation as to why accommodations were not possible for Defendants.

92. Defendants' termination of Plaintiff and refusal to make reasonable accommodation for Plaintiff on the basis of her disability constituted unlawful discrimination in violation of § 8-502 of the NYCHRL.

93. As a direct and proximate consequence of Defendants' discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and emotional distress, all in amounts to be determined at trial.

94. Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, back pay, front pay, emotional distress damages, reasonable attorney's fees and compensatory damages from Defendants under the NYCHRL.

## **JURY DEMAND**

95. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands a judgment against Defendants as follows:

A.      Issue a declaratory judgment declaring that the actions of the Defendants, as set forth in this Complaint, violated:  (i) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; (ii) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; (iii) the New York State Human Rights Law, N.Y. Exec. Law. § 290 *et seq.*; (iv) the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*; and (v) that Defendants' foregoing acts of discrimination, harassment, and retaliation against Plaintiff were intentional and willful.

B.      Enjoin and restrain the Defendants and all persons acting on their behalf, or in concert with them, from engaging in such unlawful discriminatory and retaliatory practices;

C.      Enter judgment in favor of the Plaintiff, and against the Defendants, for back pay, front pay, and lost benefits, including, among other things, in the amount of the wages and bonuses it is determined that the Plaintiff lost as a result of the Defendants' unlawful, discriminatory and retaliatory conduct, together with interest;

D.      Enter judgment in favor of the Plaintiff, and against the Defendants for compensatory damages, including but not limited to, damages for Plaintiff's mental anguish, humiliation, lack of self-respect, emotional and physical pain, suffering and illness, together with interest;

E.      Award the Plaintiff punitive damages;

F.      Award the Plaintiff liquidated damages;

G.      Award the Plaintiff reasonable attorney's fees, interest, and expenses together with the costs of this action;

H.      Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of the Plaintiff's rights under the laws cited herein, to prevent their recurrence in the future and to protect other employees from such unlawful behavior; and

I.      Such other and further relief as the court deems appropriate to be determined at trial.

Dated: New York, New York
        June 15, 2026

Respectfully submitted,

By: _____
        Tiffany Ma, Esq.
        Young & Ma LLP
        445 Park Avenue, 9th Floor
        New York, NY 10022
        T: 646-379-7703
        F: 866-839-4306
        tma@youngandma.com